UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-CV-61491

MATTHEW BAVARO,

       Plaintiff,

vs.

RETRIEVAL-MASTERS CREDITORS BUREAU,
INC. d/b/a AMERICAN MEDICAL COLLECTION
AGENCY,

Defendant.
_____/

# COMPLAINT

Plaintiff, **MATTHEW BAVARO** (hereinafter the "Plaintiff" or "Mr. Bavaro") by and through undersigned counsel, hereby files his Complaint against Defendant, RETRIEVAL-MASTERS CREDITORS BUREAU, INC. d/b/a AMERICAN MEDICAL COLLECTION AGENCY (hereinafter the "Defendant" or "American Medical"), and alleges:

## INTRODUCTION

1. This is an action brought by a consumer for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (hereinafter the "FDCPA"), and Florida Statutes §§559.55 – 559.785, known more commonly as the Florida Consumer Collection Practices Act (hereinafter the "FCCPA").

2. The FDCPA and FCCPA prevents debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. §1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

4. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. §1331.

5. Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal FDCPA claims that they form part of the same case or controversy under Article III of the United States Constitution

6. Venue in this District is proper because a "substantial part of the events or omissions giving rise to the claim occurred" here. 28 U.S.C. §1391(b)(2). Moreover, Defendant was engaging in debt collection and sending debt collection communications within this District.

**PARTIES**

7. At all times material hereto, Defendant was and is a Foreign Profit Corporation, registered in the State of Florida with the Division of Corporations and as a registered Consumer Collection Agency with the Florida Office of Financial Regulation.

8. At all times relevant to this Complaint the Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3), and is subject to the provisions of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(7).

9. At all times relevant to this Complaint, Defendant, regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6) and Florida Statute §559.55(7).

10. At all times relevant to this Complaint, Plaintiff was and is a natural person, and a "consumer" as that term is defined by 15 U.S.C. 1692a(3) and Florida Statutes §559.55(8), and/or a person with standing to bring a claim under the FDCPA and FCCPA by virtue of being directly affected by violations of the Acts.

11. At all times relevant to this Complaint, Defendant regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

12. At all times relevant to this Complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

13. Upon information and belief, the primary function of Defendant's business is to collect payments due to others.

14. Upon information and belief, Defendant was hired to collect the disputed debt.

15. The debt that the Defendant sought to collect from Plaintiff is an alleged debt arising from transactions entered into primarily for personal, family, or household purposes

## BACKGROUND AND GENERAL ALLEGATIONS

16. On or about December 2, 2016, Plaintiff engaged Quest Diagnostics, Inc. (hereinafter "Quest") for blood analysis pursuant to the advice of his medical doctor.

17. On or about December 6, 2016, Quest issued a claim against Plaintiff for the full amount of the blood analysis to the sum of $1,066.09. See **Plaintiff's Exhibit "A"**.

18. On or about April 20, 2017, Plaintiff advised his insurance carrier, Anthem Blue Cross Blue Shield (hereinafter "Blue Cross"), that Quest had a claim for $1,066.09 pending against Plaintiff and inquired what additional steps were needed for Blue Cross to process and pay the Quest claim. See **Plaintiff's Exhibit "A"**.

19. On or about May 18, 2017, Blue Cross advised Plaintiff that Quest was submitting their claim to Blue Cross incorrectly and that once Quest corrected their submission, Blue Cross would reconsider the claim for payment. See **Plaintiff's Exhibit "A"**.

20. Upon information and belief, Quest did not correct their claim submission with Blue Cross.

21. On or about April 12, 2019, Defendant, American Medical, on behalf of Quest Diagnostics, Inc., mailed to Plaintiff a communication that demanded payment (hereinafter the "Debt Collection Letter"). See **Plaintiff's Exhibit "B".**

22. The Debt Collection Letter advised Plaintiff that Defendant "…[has] been authorized to contact you regarding your past due account…" for charges that "…were billed directly by our client, **Quest Diagnostics, Inc.**" See **Plaintiff's Exhibit "B"**

23. The Debt Collection Letter further stated that "[y]ou have not paid as agreed and, therefore, owe this remaining balance" and that "[y]our payment in the full amount of $994.00 should be sent in the enclosed envelope made payable to American Medical Collection Agency." See **Plaintiff's Exhibit "B"**.

24. The Debt Collection Letter contains an improper and unlawful charge in the amount of $944.00. This charge is unlawful and improper because Defendant sought to collect from Plaintiff an amount that is either a false representation of a charge and/or in the alternative, not attributable to any permissible charge.

25. Plaintiff has been forced to retain the services of undersigned counsel. Plaintiff seeks reimbursement of attorneys' fees and costs expended in the prosecution of this lawsuit.

**COUNT I-VIOLATION OF FDCPA: 15 USC 1692(e)**
*(Debt Collection Letter)*

26. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 25.

27. 15 U.S.C. §1692(e) states, in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>   (2) The false representation of—
>   (A) the character, amount, or legal status of any debt; or

> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. *U.S.C. § 1692(e)*

28. On or about April 12, 2019, American Medical, mailed to Plaintiff a communication that demanded payment (hereinafter the "Debt Collection Letter"). The Debt Collection Letter advised Plaintiff that Defendant "…[has] been authorized to contact you regarding your past due account…" for charges that "…were billed directly by our client, **Quest Diagnostics, Inc.**" See **Plaintiff's Exhibit "B"**

29. The Debt Collection Letter further stated that "[y]ou have not paid as agreed and, therefore, owe this remaining balance" and that "[y]our payment in the full amount of $994.00 should be sent in the enclosed envelope made payable to American Medical Collection Agency." See **Plaintiff's Exhibit "B"**.

30. The Debt Collection Letter contains an improper and unlawful charge in the amount of $944.00. This charge is unlawful and improper because Defendant sought to collect from Plaintiff an amount that is either a false representation of a charge and/or in the alternative, not attributable to any permissible charge.

31. Moreover, Blue Cross advised Quest that they were submitting the claim incorrectly, thus causing Plaintiff's account with Quest to appear as if the insurance claim was not processed and applied. See **Plaintiff's Exhibit "A"**

32. Quest was on notice that their own actions caused Plaintiff's insurance company to reject the claim. Nonetheless, Quest actively engaged the Defendant to pursue debt collection activities against the Plaintiff.

33. As a result, this unlawful charge constitutes a false representation of the amount, character and legal status of the debt.

34. Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. §1692(e).

35. As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff was damaged. Plaintiff's damages include but are not necessarily limited to unlawful charges to Plaintiff's account, mental pain and shock, suffering, aggravation, humiliation and embarrassment.

36. Plaintiff hired the law firm of Jenkins Lorenzo, LLC and Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

37. As a result of the above violations of the FDCPA and pursuant to 15 U.S.C. §1692(k), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1,000.00 per violation, together with reasonable attorney's fees and court costs.

**COUNT II-VIOLATION OF FDCPA: 15 USC 1692(f)**
*(Debt Collection Letter)*

38. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 25.

39. 15 U.S.C. §1692(f) states:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

*15 U.S.C. § 1692(f)(1)*

40. The Debt Collection Letter contains an unfair or unconscionable means to collect

or attempt to collect an improper and unlawful charge in the amount of $944.00. The Debt Collection Letter is an unfair or unconscionable means to collect or attempt to collect the alleged debt because the amount claimed to be owed is not expressly authorized by any agreement or permitted by law.

41. Moreover, Blue Cross advised Quest that they were submitting the claim incorrectly, thus causing Plaintiff's account with Quest to appear as if the insurance claim was not processed and applied. See **Plaintiff's Exhibit "A"**

42. Quest was on notice that their own actions caused Plaintiff's insurance company to reject the claim. Nonetheless, Quest actively engaged the Defendant to pursue debt collection activities against the Plaintiff.

43. As a result, Defendant's attempt to collect on an alleged debt that is not expressly authorized by any agreement or permitted by law, constitutes the prohibited use of unfair or unconscionable means to collect an alleged debt.

44. Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. §1692(f).

45. As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff was damaged. Plaintiff's damages include but are not necessarily limited to the unlawful charge to Plaintiff's account, mental pain and shock, suffering, aggravation, humiliation and embarrassment.

46. Plaintiff hired the law firm of Jenkins Lorenzo, LLC and Loan Lawyers, LLC to represent him in this action and has agreed to pay a reasonable attorney's fee.

47. As a result of the above violations of the FDCPA and pursuant to 15 U.S.C. §1692(k), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1,000.00 per violation, together with reasonable attorney's fees and court costs.

### **COUNT III-VIOLATION OF FCCPA: FLORIDA STATUTES §559.72(9)**
*(Debt Collection Letter)*

48. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 25.

49. Florida Statutes §559.72(9) states:

    "In collecting debts, no person shall…

    (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt in not legitimate or assert the existence of some other legal right when such person knowns that the right does not exists.

    Florida Statutes §559.72(9)

50. On or about April 12, 2019, American Medical, mailed to Plaintiff a communication that demanded payment (hereinafter the "Debt Collection Letter"). The Debt Collection Letter advised Plaintiff that Defendant "…[has] been authorized to contact you regarding your past due account…" for charges that "…were billed directly by our client, **Quest Diagnostics, Inc.**" See **Plaintiff's Exhibit "B"**

51. The Debt Collection Letter further stated that "[y]ou have not paid as agreed and, therefore, owe this remaining balance" and that "[y]our payment in the full amount of $994.00 should be sent in the enclosed envelope made payable to American Medical Collection Agency." See **Plaintiff's Exhibit "B"**.

52. In seeking to collect the above referenced charge, Defendant has claimed, attempted, and threatened to enforce a debt when it knew that debt was not legitimate. The charge is illegitimate, unlawful and improper because Defendant sought to collect from Plaintiff an

amount that is either a false representation of a charge and/or in the alternative, not attributable to any permissible charge.

53. Additionally, the above referenced communication constitutes an unconscionable way to collect a debt.

54. Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(9).

55. As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiffs were damaged. The damages of Plaintiffs include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment

56. Plaintiff hired the law firm of Jenkins Lorenzo, LLC and Loan Lawyers, LLC to represent him in this action and has agreed to pay a reasonable attorney's fee.

57. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiffs are entitled to recovery for actual damages, statutory damages of up to $1000 per violation, together with reasonable attorney's fees and court costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff MATTHEW BAVARO respectfully requests this Honorable Court enter an order granting judgment for the following:

(a) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692(k), Florida Statutes §559.77(2); and

(b) Such other relief as this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, MATTHEW BAVARO hereby demands a trial by jury of all issues so triable.

Dated this 14th day of June, 2019.

Respectfully Submitted,

> **JENKINS LORENZO, LLC**
> Co-*Counsel for Plaintiff*
> 18851 NE 29th Avenue, Ste. 700
> Aventura, Florida 33180
> Tel: (305) 456-1450
>
> By: */s/ Chase E. Jenkins, Esq.*
>    Chase E. Jenkins, Esq.
>    Florida Bar No. 94261
>    cjenkins@jenkinslorenzo.com
>    Jorge "J.D." Lorenzo, Esq.
>    Florida Bar No. 81702
>    jlorenzo@jenkinslorenzo.com
>
>    */s/ Laura Hoy Chebat*
>    Laura Hoy Chebat, Esq.
>    Florida Bar No. 59025
>    LOAN LAWYERS, LLC
>    *Co-Counsel for Plaintiff*
>    2150 S. Andrews Avenue,
>    2nd Floor
>    Ft. Lauderdale, FL 33316
>    Telephone: (954) 523-4357
>    laura@fight13.com